## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRSTEN STANFORD,<br><br>       Plaintiff,<br><br>v.<br><br>AZZUR GROUP, LLC, d/b/a COBALT, LLC,<br><br>       Defendants. | JURY TRIAL DEMANDED<br><br>No. |

## COMPLAINT

AND NOW, comes the PLAINTIFF, Kyrsten Stanford, by and through her attorneys, Mobilio Wood, and hereby submits the instant Complaint and in support thereof avers as follows:

## PARTIES

1.     PLAINTIFF, Kyrsten Stanford ("PLAINTIFF") is an adult individual and resident of Reading, Pennsylvania.

2.     DEFENDANT, Azzur Group, LLC, d/b/a Cobalt, LLC, ("DEFENDANT") or ("COMPANY") is a business entity with a principal place of business in Hatboro, Pennsylvania.

3.     At all times relevant and material herein, DEFENDANT acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for the Company.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

5.      This Court may properly maintain personal jurisdiction over DEFENDANT because DEFENDANT's contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over DEFENDANT to comply with traditional notions of fair play and substantial justice.

6.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and DEFENDANT is subject to personal jurisdiction in this district.

**Exhaustion of Administrative Remedies**

7.      On June 26, 2023, Ms. Stanford dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against DEFENDANT, alleging that it unlawfully discriminated against her on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

8.  The EEOC issued a Notice of Right to Sue to Ms. Stanford on July 13, 2023.

## FACTUAL ALLEGATIONS

9.  On January 24, 2022, PLAINTIFF was hired by DEFENDANT and eventually assumed the role of Business Development Manager.

10.  PLAINTIFF's duties included, *inter alia*, sales, consulting and client management.

11.  PLAINTIFF was, by all accounts, a model employee who never received any type of disciplinary action.

12.  Then, abruptly on March 17, 2023, PLAINTIFF was terminated.

13.  PLAINTIFF was advised by David Frank, the Vice President of Client Development for DEFENDANT, that the termination was not performance based, but was rather the result of an "organizational restructure".

14.  For the reasons that follow, DEFENDANT's reason for termination was clearly pre-text.

## Lack of Workforce Diversity

15.  During PLAINTIFF's tenure with DEFENDANT, a potential client, 23andMe, Inc., requested that DEFENDANT perform a diversity study of its workforce before deciding whether to do business with DEFENDANT.

16.     23andMe is a genetic testing company, whose website touts its dedication to diversity, equity and inclusion.  https://www.23andme.com/diversity-equity-inclusion/

17.     The results of the diversity study revealed that DEFENDANT was so lacking in diversity as a workforce (i.e. so much of its workforce were white males), that 23andMe chose not to conduct business with DEFENDANT.

<u>Disparate Treatment</u>

18.     PLAINTIFF was part of the sales and consulting team.

19.     There were eleven (11) such sales and consulting team members in offices across the country, and several hundred total employees.

20.     PLAINTIFF learned that the entire "organizational restructure" resulted in only eight (8) terminations, all from the sales and consulting team. Those eight (8) individuals included:

     a.  Five (5) females,

     b.  A black male;

     c.  A Lebanese male; and

     d.  A gay male

21.     The three (3) remaining sales and consulting team members that were retained by DEFENDANT were white males.

22.     The aforementioned allegations are corroborated by fellow terminated

employee and Business Development Manager, Karlie Cliver, who is a female.

### Defendant Hires for the Same Eliminated Position

23.     On or about May 23, 2023, approximately two (2) months after the

"organizational restructuring" resulted in PLAINTIFF's termination,

DEFENDANT posted an ad on its own website, and LinkedIn looking for

applicants for the role of Enterprise Account Executive.

24.     The duties of the Enterprise Account Executive position were the

same as the duties performed by Business Development Managers, the same

position PLAINTIFF and Ms. Cliver, held before their termination.

25.     Accordingly, after terminating Plaintiff and Ms. Cliver alleged due to

"organizational restructuring", Defendant immediately sought to fill their same

positions.

26.     It is clear that DEFENDANT's "organizational restructuring" was

nothing more than pre-text for DEFENDANT to justify its purging itself of

employees other than white males.

27.     All of the aforementioned is compelling evidence that

DEFENDANT's conduct in managing its workforce to maximize the number of

white males was intentional, and resulted in Plaintiff's termination, not an alleged

"organizational restructure".

<u>Disparate Impact</u>

28.     In addition or in the alternative, the criteria used by DEFENDANT to determine which employees to terminate, disproportionately impacted women, non-white individuals, and individuals of a national origin other than American.

29.     PLAINTIFF intends to seek leave to amend the instant Complaint at the conclusion of one (1) year from the time her charged was filed with the PHRA, in order to allege sex discrimination claims under Section 955(a) of the PHRA against DEFENDANT.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: RACE DISCRIMINATION

30.     PLAINTIFF hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

31.     PLAINTIFF was an "employee" as defined by 42 U.S.C. § 2000e(f).

32.     DEFENDANT was Plaintiff's "employer" within the meaning of 42 U.S.C. §2000e(b), and employed 15 or more persons.

33.     Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . ."  42 U.S.C. § 2000e-2(a)(1).

34.     PLAINTIFF's race is black.

35.     At all times relevant and material herein, PLAINTIFF was qualified

for the position of Business Development Manager.

36.     Nevertheless, she was terminated, as the result of an alleged

"organizational restructuring", while her white, male co-workers were retained.

37.     Through its conduct, DEFENDANT's disparate treatment of

PLAINTIFF violated Title VII.

38.     In addition or in the alternative, the criteria used by DEFENDANT to

determine which employees to terminate, disproportionately impacted black

women, which is a violation of Title VII.

39.     DEFENDANT acted with reckless indifference to Plaintiff's rights

under federal law, warranting an award of punitive damages.

40.     As a result of DEFENDANT's conduct, PLAINTIFF has suffered,

and continues to suffer, emotional distress, humiliation, embarrassment, anguish,

personal hardship, career and social disruption, psychological and emotional harm,

and lost wages.

## COUNT II

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: SEX DISCRIMINATION

41.     PLAINTIFF hereby incorporates the preceding paragraphs by

reference as though fully set forth at length herein.

42.     PLAINTIFF was an "employee" as defined by 42 U.S.C. § 2000e(f).

43.     DEFENDANT was PLAINTIFF's "employer" within the meaning of 42 U.S.C. §2000e(b), and employed 15 or more persons.

44.     Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . ."  42 U.S.C. § 2000e-2(a)(1).

45.     PLAINTIFF is a woman.

46.     At all times material hereto, PLAINTIFF was pregnant.

47.     At all times relevant and material herein, PLAINTIFF was qualified for the position of Business Development Manager.

48.     Nevertheless, she was terminated, as the result of an alleged "organizational restructuring", while her white, male co-workers were retained.

49.     Through its conduct, DEFENDANT's disparate treatment of PLAINTIFF violated Title VII.

50.     In addition or in the alternative, the criteria used by DEFENDANT to determine which employees to terminate, disproportionately impacted pregnant women, which is a violation of Title VII.

51.     DEFENDANT acted with reckless indifference to PLAINTIFF's rights under federal law, warranting an award of punitive damages.

52.     As a result of DEFENDANT's conduct, PLAINTIFF has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, and lost wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that a judgment be entered in his favor and against Defendant in the following respects:

a)      An order awarding damages on all counts herein, including punitive damages;

b)      An order awarding attorneys' fees and expenses on all counts herein;

c)      Pre-judgment interest; and

d)      All other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**Mobilio Wood**

BY:   *s/ Matthew Mobilio*
Matthew Mobilio, Esq. (I.D. No. 209439)
4728 Hamilton Boulevard
Allentown, PA 18104
Phone: (610) 882-4000
Fax: (866) 793-7665
matt@mobiliowood.com